ALD-144                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1414
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                          Appellant

v.

NED NAKLES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00823)
District Judge:  Honorable Robert J. Colville
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 27, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 12, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Following his arrest for trespassing on property belonging to the Derry Area School District, Justin Martinez sued Ned Nakles, an attorney whom he calls a "liaison" for the School District, ECF No. 12 at 1, in state court. After removing the action to the United States District Court for the Western District of Pennsylvania, Nakles filed a motion for a more definite statement. In granting that motion, a Magistrate Judge provided Martinez detailed instructions about how to structure, and what to include in, his amended complaint.

In his amended complaint, Martinez alleged that Nakles violated his civil rights under 42 U.S.C. § 1983 by conspiring against him. He explained that, in September 2019, Nakles sent him a letter about a protest that he had proposed and, during a telephone conversation about the matter, advised him that he could stand outside, but not go onto, school property to protest. ECF No. 12 at 3-4. Then, in November 2019, Nakles was mentioned by the Police Chief on the day that Martinez was arrested for trespassing. Id. at 4. And, in August 2022, Nakles testified against him at trial for trespassing and disorderly conduct and lied about who called whom to discuss the letter and about his advice regarding where Martinez could and could not protest. Id. at 6-7. Martinez asserted that Nakles' involvement led to a newspaper article being written about him, a sentence of house arrest, his "having to retire from Street protesting," "Mental anguish," and court-ordered mental-health evaluations and treatment. Id. at 5-6. He sought

hundreds of thousands of dollars of damages.  Id. at 8.  Nakles filed a motion to dismiss the amended complaint, which the District Court granted.  Martinez appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order of dismissal.  See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020).  Upon review, we will summarily affirm the District Court's ruling because no substantial issue is presented on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court that Martinez failed to state a claim.  To state a conspiracy claim, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).  Martinez frequently made the conclusory assertion that Nakles engaged in a conspiracy, but, as the District Court concluded, Martinez did not allege facts that "plausibly suggest a meeting of the minds, an agreement, or concerted activity by co-conspirators."[2]  ECF No. 18 at 9.  Accordingly, the District Court properly dismissed the complaint.[3]  See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d

---

[1] He also presents a motion to transfer this case to Illinois.

[2] Furthermore, to the extent that Martinez's complaint can be construed as an effort to win damages from Nakles because of his allegedly false testimony during Martinez's prosecution, a witness in a criminal case is immune from civil liability based on his testimony.  See Briscoe v. LaHue, 460 U.S. 325, 326 (1983); see also Williams v. Hepting, 844 F.2d 138, 140-43 (3d Cir. 1988); Brawer v. Horowitz, 535 F.2d 830, 836-37 (3d Cir. 1976).

[3] Because we will affirm the District Court's judgment on this basis, we do not consider the District Court's application of the statute of limitations, which was an alternative

3

1364, 1377 (3d Cir. 1992) (en banc) (affirming a dismissal of a conspiracy claim under 42 U.S.C. § 1985 because of a failure "to assert any facts from which any type of conspiratorial agreement . . . can be inferred"); see also Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action").

Lastly, we conclude that the District Court did not abuse its discretion in ruling that further amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment.[4] Martinez's motion to transfer this case is denied.

---

basis for dismissal, or Martinez's arguments about it.

[4] We reject Martinez's claims of District Judge "bias, prejudice," see, e.g., 3d Cir. Doc. No. 14 at 3, as unsupported by the record.